400 A.2d 957 (1979)
STATE
v.
Edgar L. TURCOTTE.
No. 77-92-C.A.
Supreme Court of Rhode Island.
April 26, 1979.
David Cooper, Dept. of Atty. Gen., Providence, for plaintiff.
Lise J. Gescheidt, Asst. Public Defender, Providence, for defendant.

OPINION
WEISBERGER, Justice.
This is an appeal from a judgment of the Superior Court wherein the defendant was found to have violated the terms of his probation which was imposed on June 24, 1974, along with an 8-year suspended sentence in respect to Indictment No. 74-416 (breaking and entering). The defendant was also found to have violated the terms of a deferred sentence imposed the same date on Indictment No. 73-611 (uttering and publishing). The trial justice removed the suspension from the 8-year sentence on Indictment No. 74-416 and further deferred sentence on Indictment No. 73-611. The trial justice found that the defendant and one Michael J. Fitzgerald had robbed one Leo Archambault on September 29, 1976. *958 Fitzgerald was also found to be a violator of a deferred sentence as a result of this incident.[1]
Based upon Archambault's testimony, the trial justice found that while seated in the rear of Archambault's automobile in a parking lot of a Woonsocket bar, Turcotte seized Archambault by the hair from behind, and Fitzgerald, who was seated beside the victim, placed a knife to his throat and demanded money. The trial justice further found that Archambault gave Fitzgerald the money and fled from his own car; whereupon Fitzgerald drove off in the victim's car with Turcotte. Later the Archambault car was involved in a collision with an automobile operated by one Lawrence J. Rankl. Fitzgerald did not stop; so Rankl pursued the car into a driveway where he found Turcotte attempting to climb over a wall. Fitzgerald had departed. Turcotte admitted that he had gratuitously offered to assume all responsibility for damage to the Rankl automobile, since he was on probation and did not want further trouble with law enforcement authorities. Archambault testified that upon retrieving his automobile from a body shop several days later, he found a knife similar to the one which had been used by Fitzgerald, along with a set of automobile registration plates which were later found to be listed in the name of Turcotte.
Testifying in his own defense, Turcotte denied touching or robbing Archambault. He testified that an altercation had taken place in the parking lot of Dom Polski's bar in Woonsocket between Archambault and Fitzgerald, because Fitzgerald refused to play another game of pool with Archambault. The altercation led to an exchange of blows between the two, after which Archambault fled the scene. According to Turcotte, at that point he and Fitzgerald left in Archambault's vehicle. The defendant contends on appeal that the evidence was insufficient to support a finding that he had violated his probation. We disagree. We have determined that the standard of proof in a hearing on violation of probationary status is met by evidence which reasonably satisfies the trial justice that a violation has occurred. State v. Skirvin, 113 R.I. 443, 322 A.2d 297 (1974); State v. Bettencourt, 112 R.I. 706, 315 A.2d 53 (1974). In this case the trial justice found the testimony of Archambault more credible than that of Turcotte. He observed that if Turcotte and Fitzgerald "had been innocent victims of an assault * * * [t]hey wouldn't have taken Archambault's automobile and left the scene." There was an abundance of evidence, both direct and corroborative, to support the finding that Turcotte had participated in the robbery of Archambault. He thus was properly adjudged a violator. The mere fact that Archambault admitted consuming five bottles of beer, more or less, during the afternoon does not deprive his testimony of all credibility as contended by defendant. In this case the trial justice applied the appropriate standards and met all requirements of due process. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We cannot say that under the circumstances the decision of the trial justice was arbitrary, capricious or that it constituted an abuse of discretion. Charest v. Howard, 109 R.I. 360, 285 A.2d 381 (1972); Broccoli v. Kindelan, 80 R.I. 436, 98 A.2d 67 (1952).
For the reasons stated, the defendant's appeal is denied and dismissed, and the case is remanded to the Superior Court.
NOTES
[1] Fitzgerald also appealed from this judgment but withdrew his appeal on March 1, 1978.